Appeallants  Pro Se  P.D.R.

**492-15**

Court of Criminal Appeals

| | |
|---|---|
| The State of Texas | 12-13-00308-CR |
| Appellee | |
| v. | |
| DAVID FORD | Appeal from 114th District |
| Appellant | Court of Smith County, Texas |
| | Trial Cause No. 114-1281-12 |

Prosecutor on Appeal Mr. Michael J. West
4th Floor, Courthouse 100 N. Broadway
Tyler, TX 75702

## ORAL ARGUMENT REQUESTED

Appeallant      DAVID FORD #1888141
Roach Unit 15845 FM 164
Childress, TX 79201

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 11 2015

Abel Acosta, Clerk

FILED IN
COURT OF CRIMINAL APPEALS

JUN 12 2015

Abel Acosta, Clerk

# Table of Contents

| | pgt |
|---|---|
| Table of Authorities | 1 |
|     - Cases | 1,2 |
|     - Attachments | 2 |
| Statement Regarding Oral Argument | 2 |
| Statement of case | 3 |
| Statement of procedural History | 3 |
| Grounds For Review | 3 |
|     - Number One: Ineffective Ass. of Trial counsel | 4,5,6,7,8 |
|     - Number Two: Errors in Voir Dire | 8,9 |
|     - Number Three: Insufficient Evidene | 9,10,11,12,13 |
|     - Number Four: Denied Access to courts | 13 |
| Argument | 4-14 |
| Prayer For Relief | 14,15 |
| Appendix | 15,16 |

# Table of Authorities

## Cases

| | Pg# |
|---|---|
| - Baylock v. Painter 901 F. Supp. 233, 236 | 13 |
| - Batson v. Kentucky, 476, U.S. 79, 106 S.Ct. 1712, 90 L.Ed. 2D 69 (1986) | 9, |
| - Brooks v. State, 323 S.W. 3d 893, 895 (Tex. Crim. App. 2010) | 9 |
| - Broussard v. State 827 S.W. 2D 619 | 10 |
| - Catalan v. Cockrell 315, F.3D 491-493 | 5, |
| - Ex parte Amezquitta 223, S.W. 3D 363, 368 | 5, |
| - Ex parte Briggs 187 S.W. 3D 458, 467-468 | 5 |
| - Ex parte Welborne, 785 S.W. 2D 391, 396 (Tex. Cr. App. 1990) | 4,5,6 |
| - Giglio v. U.S., 405 U.S. 150, 153, 92 S.Ct. 763, 765 31 L.Ed. 2d 104, (1972) | 9 |
| - Hernandez v. State, 988 S.W. 2d 70 (Tex. Crim. App. 1999) | 4 |
| - Hollis v. State 219 S.W. 3D 446 | 7 |
| - Hudson v. Hightower 394 S.W. 2D 46 | |
| - Jackson v. Virginia 443 U.S. 307, 315-16, 99 S.ct. 2781, 2786-87, 61 L.Ed. 2d. 560 (1979) | 9, |
| - Lozano v. Lozano, 52 S.W. 3D 141 | 8 |
| - Marange v. Fontenot, 879 F. Supp. 679, 684) | 13 |
| - Mitchel v. State 762 S.W. 2D 916 | 7 |
| - Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L. Ed. 79 (1935) | 9 |
| - Napue v. Illinois, 360 U.S. 264, 79 S.ct. 1173, 3 L. Ed. 2d 1217 (1959) | 9, |
| - Pembroke v. Wood County, Texas. 981 F. 2D. 225, 508 U.S. 973, 125 L. Ed. 2d, 665 | 13 |

## Cases
- Rylander v. State 107 S.W. 3D 119 101 S.W. 3D 107 ........... 5,6
- Strickland v. Washington, 466 U.S. 668, 105 S.Ct. 1965, 85 L.Ed. 2D 344 (1984) ........... 4
- Thomas v. State 550 S.W. 2D 64, 68 (Tex. Cr. App. 1977) ........... 5,
- U.S. v. Chagra 735 F.2D 870 ........... 10,
- U.S. v. Como 53 F.3D 87 ........... 12,
- U.S. v. Halperin 441 F.2D 612 ........... 10,
- U.S. ex rel. Hough v. Maroneytt ........... 9
- U.S. v. Stewart, 65 F.3d 918 (11th Cir. 1995) ........... 9
- Vandelft v. Moses, 31 F.3d, 794, 797 .........
- Williams v. Griswald 743 F.2d 1533 ........... 13
- Zimmerer v. Smyrl, 670 S.W. 2D 273

## Attachments
- Exhibit 1 [Copy of Mrs. Cortes's statement to media]
- Exhibit 2 [Letter To Judge Christi Kennedy]


## Statement Regarding Oral Argument
Oral Argument would be helpful because due to the fact Mr. Ford is not a certified lawyer and Mr. Fords limited knowledge of legal terms. Mr. Ford could better explain his grounds for relief orarly and argue why he should be granted To file a brief and why his case should be overtuned (Reversed) and a New Trial Granted.

## Statement of Case

DAVID FORD seeks to appeal his conviction and sentence for the offense of Agg. Robbery with a deadly weapon. Mr. Ford was indicted for this offense in September of 2012 and after entering a plea of "not guilty" proceeded to trial by Jury in the 114th District Court of Smith County, Texas. In September of 2013, Mr. Ford was convicted and then sentenced by the Jury to serve a term of thirty years confinement. Sentence was pronounced on the 27th of September, 2013 and notice of appeal then timely Filed.

## Statement of procedural History

The Twelfth Court of Appeals opinion and judgement was handed down February 27, 2015. Motion For Extension of Time to file motion for rehearing was filed Monday, April 6, 2015. Motion for extension of time to file motion for rehearing was overruled as untimely on April 8, 2015. Consequently no motion for rehearing was filed.

## Grounds For Review

Mr. Ford sets forth Four (4) grounds for Review.

Ground For Review Number One (1):

Ineffective Assistance of Trial Counsel

- The Court of Appeals Erred in holding that counsel was effective.

Ground For Review Number Two (2): Errors in Voir Dire

- The court of Appeals in holding that there was no errors in voir Dire.

Ground For Review Number Three (3): Insufficient Evidence

- The court of Appeals erred in holding that the evidence was sufficient.

Ground For Review Number Four (4): Denied Access to Courts

Mr. Ford was Denied Access to a law library during the stage of filing his pro se brief.

## Argument

Ground For Review Number One (1): Ineffective Assistance of counsel

Mr. Fords Trial counsel was ineffective. Effective Assistance of counsel is to be evaluated under the standard enunciated in Strickland v. Washington 466 U.S. 668, 105 S.ct. 1965, 85 L.Ed. 2d 344 (1984); see also Hernandez v. State, 988 S.W. 2d 70 (Tex. Crim. App. 1999). To prevail on a claim of ineffective assistance of counsel, a defendant must show 1.) that his trial counsels performance fell below an objective standard of reasonableness or was deficient and 2.) that a reasonable probability exists that, but for trials counsels alleged errors, the result would have been different. Strickland, 466 U.S. at 687-88. Counsels ineffective by totality. Although no one instance standing alone may be sufficient proof of ineffective assistance of counsel, performance as a whole may compel such a holding. Ex parte Welborne, 785 S.W. 2d 391, 396 (Tex. Crim. App. 1990) (Counsel failed to conduct reasonable investigation of the facts and law and did not attempt to interview states witnesses) Melvin Thompson was deficient and Failed To

A). Investigate and Discover evidence

B.) Introduce favorable evidence in Mr. Fords defense

C.) Seek out and Interview potential witnesses.

D.) File a motion To Surpress Evidence

Melvins deficient performance prejudiced Mr. Fords case because evidence if A.) Investigated and discovered and B.) Introduced into evidence would suggest and prove that Mr. Ford was not the perpatrator who robbed Karla Cortes;

C.) witnesses if interviewed could testify to facts and favorable evidence in Mr. Fords defense; D) Motion to surpress if filed would be granted, therefore making false and immaterial evidence in Mr. Fords case inadmissible and remaining evidence would be insufficient to support a conviction.

A.) Failure to Investigate and Discover Evidence: (Ex parte Amezquitta 223 S.W. 3D 363, 368) (An attorney representing a criminal defendant is charged with making an independent investigation of the facts of the case; such action emcompasses the duty to conduct a legal and factual investigation and to seek out and interview potential witnesses. Rylander v. State 103 S.W. 3D 119, 101 S.W. 3D 107; Ex parte Welborne, 785 S.W. 2D 391, 596 (Tex. Cr. App. 1990). (An economic decision to not fully investigate is neither a strategic nor reasonable decision.) Ex parte Briggs 187 S.W. 3D 458, 467-468. Melvin Failed to investigate the DVD with the Audio Recorded statements of Karla Cortes (see DVD, contact Melissa Wilgus at (903)-590-1720 or Private Investigator Ben Bryan at (903) 570-4476) and Discover material and exculpatory evidence Karla told the police officers when questioned that her perpatrator was "not skinny". Melvin also failed to investigate and Discover a document (see attaachments, Exhibit 1) material to this crime which is also Exculpatory evidence of a statement Mrs. Karla cortes gave to the media (news) (CBS19 and KLTVCh 7) describing her attacker as a "heavyset guy" who fled the scene as a "passenger" in a sedan.

B.) Failure To Introduce favorable evidence; Catalan v. cockrell 315+ F.3D 491-493; An attorney has a Proffesional duty to present all available evidence and arguments to support the defense of his client. Thomas v. State 550 S.W. 2D 64, 68 (Tex. Cr. App. 1977) Melvin Failed

to introduce the DVD with the Audio Recorded statements of Karla Cortes and Tevin Dorsey. (See DVD, contact Melissa Wilgus at (903)-590-1720 or Private Investigator Ben Bryan at (903)570-4476) Mr. Thompson also failed to introduce Karla Cortes's statement to the media (see attachment, Exhibit 1). The DVD and statement to the media contains material and exculpatory Evidence by Karla Cortes. The DVD also contains Mr. Dorsey's Audio Recorded interview consisting of many lies that could be used to prepare for trial to properly cross-examine and Impeach Mr. Dorsey's Testimony. The DVD with Mr. Cortes's Audio recorded statement contains the "not ~~skinny~~ skinny" Statement/Evidence. Exhibit 1 which is Mrs. Cortes's statement to the media contains her description and evidence of her perpatrator being not skinny. Also Melvin Failed to introduce and call to stand on Mr. Fords behalf as a witness to testify to Evidence CBS19 who was summoned to court by subpoena Duces Tecum. CBS19 was commanded to bring any records of an interview conducted with Karla Cortes on or about August 10, 2012 to August 16, 2012. CBS19 could have testified to Evidence of Karla Cortes's statement to the media describing her attacker as "heavyset" and fleeing the scene as a passenger in a sedan. C.) Failed to seek out and interview potential witnesses. An attorney representing a criminal defendant is charged with making an independent investigation of the facts of the facts of the case; such action emcompasses the duty to conduct a legal and factual investigation and to seek out and interview potential witnesses. Rylander v. State 107 S.W. 3D 119, 101 S.W. 3D 107; Ex parte Welborne, 785 S.W. 2D 391, 396 (Tex. Cr. App. 1990) Melvin failed to interview and call as a witness CBS19 to who Mrs. Cortes gave a statement material to this Crime, which is Exhibit 1 (see attachments.) The news personnel could testify that

Karla Cortes Did give a statement to media and what that evidence was, as recorded. Melvin also failed to Interview the police/Detectives who took Mrs. Cortes's initial recorded interview at the scene of crime on the early morning hours of August 10, 2012. The officers could testify to the questing of Mrs. Cortes on the DVD about the description that her perpatrator was not. On The DVD with Karla cortes's Audio Recorded statements (contact Melissa Wilgus at (903) 540-1720 to view DVD or Ben Bryan at (903)570-4476.) when asked "was her attacker skinny?" she said "no". She also stated and testified that her perpatrator was her husbands size. (See DVD) and (Tr. Transcript vol.7 pg.106 line 5-13, Mrs. Cortes testifies to her perpatrator being heavyset and stocky like her husband. D.) Failed to File motion to supress evidence. To prevail on an ineffective assistance claim premises on counsels failure to file a motion to supress, an appeallant must show by a preponderance of the evidence 1.)that the result of the proceeding would have been different, 2.)That the motion to supress would have been granted and 3) That the remaining evidence would have been insufficient to support his conviction. Hollis v. State 219 S.W. 30 446; While supression of evidence is left to the court it is the duty of the defense attorney to attempt through all legal means to have evidence detrimental to his client supressed. Mitchell v. State 762 S.W. 20 916. 1.) Different Result - The result of the proceeding would have been different because had counsel supressed All weapons in case theire would be no affimatue finding of a deadly weapon. Also had counsel supressed Mr. Dorseys false statement Mr. Ford would not have been wrongfully convicted as the perpatrator based on Mr. Dorseys False testimony. 2.) Motion would have been granted - Motion to supress would've been granted because DNA results reported neith weapon incase contained fingerprints for Mr. Ford or Mr. Dorsey theirfore can not be linked

to a material point in this crime. (See Forensic Biology and DNA laboratory reports. Contact Kimberlee Mack at TDPS voice#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, Laboratory#TYL-1208-05350; Agency # 1220922, offense date 8/10/2012.) Also motion to suppress Mr. Dorsey's statement would've been granted because evidence shows it is false. Mr. Dorsey fits Mrs. Cortes's description of her perpatrator. (see attachments Exhibit 1) She gave to the media as being heavyset. Three (3) witnesses testimony corroborate and indicate that Mr. Dorsey is a heavyset guy. Detective Swan testified that out of Mr. Ford and Mr. Dorsey that Mr. Dorsey is heaviest of the Two (see Tr. Trans. vol.11 pg 98 line 2-25 to pg. 99 line 1-9); Kenneth Gardener testified Mr. Dorsey is shorter + heavier than Mr. Ford (see Tr. Trans. vol. 8 pg.153 line 20-24) and also testified Shaquana Humber told him Kevin is short and stocky (see Tr. Trans. vol.8 pg 128 line 7-23). Also Mrs. Cortes Testified her perpatrator was heavyset and stocky like her husband. (see Tr. Trans. vol. 7 pg.106/line5-12) And Craig Shine testified he would not describe Mr. Ford as heavyset or stocky. (see Tr. Trans vol. 8. pg. 291/line 8-13.) Based on all evidence and testimony, Mr. Dorsey is the perpatrator and his statement and testimony is rebuted by witnesses testimony proving his testimony to false and perjured accessing Mr. Ford as being the perpatrator who robbed Mrs. Cortes 3) Remaining Evidence insufficient to support conviction- If weapon and Mr. Dorseys statement was suppressed remaining evidence would be insufficient to convict because remaining evidence would be circumstantial + could give rise to any number of inferences, none more probable then another. And when circumstantial evidence is purely a guess, it is in legal effect "no evidence". Lozano v. Lozano, 52 S.W. 3d 141

Ground For Review number Two (2): Errors in Voir DIRE
- The court of Appeals erred in holding that voir Dire was effective. Prosecutors made race-based Jury selection decisions in violation of Batson v.

Kentucky, All Black venire members were excluded from Jury. In Batson, the supreme court held that a prosecutors use of peremptory/strikes in even a single case to remove blacks from the Jury on account of their race violates the equal protection clause. Batson v. Kentucky, 476, U.S. 79, 106 S.Ct. 1712, 90 L.Ed. 2D 69 (1986); The 11th Cir. has held that removal of 3 or 4 black venire members establishes a prima facie case of race discrimination. U.S. v. Stewart, 65 F.3d 918 (11th Cir. 1995)

Grant For Review Number Three (3): Insufficient Evidence

– The court of Appeals erred in holding that the evidence was sufficient. The standard enunciated in Jackson v. Virginia, is the one by which sufficiency of the evidence challenges are measured. (443 U.S. 307, 315-16, 99 S.Ct. 2781, 2786-87, 61 L.Ed. 2d 560 (1979); Brooks v. State, 323 S.W.3d 893, 595 (Tex. Crim. App. 2010). Essential of the due process guaranteed by the 14th Amend. is that no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof – defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense. Evidence was insufficient to convict Mr. Ford of Agg. Robbery because false testimony by Mr. Dorsey, was used to obtain Mr. Ford's conviction. Tevin Dorsey's statement & testimony accusing Mr. Ford of alledgedly robbing Kayla Cortes was false and perjured. We know that a trial based on false or supressed evidence is no trial at all. False or supressed Evidence can neither convict nor condemn. U.S. ex. rel. Haugh v. Maroney††. It is well settled that the state is not permitted to present false evidence or allow presentation of false evidence to go uncorrected whether prosecution has actual knowledge of the falsity of the testimony is irrelevant. If the prosecuter should have known is sufficient (see Giglio v. U.S., 405 U.S. 150, 153, 92 S.Ct. 763, 765, 31 L.Ed. 2d 104 (1972) (Citing Napue v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed. 2d 1217 (1959) and Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791 (1935). However, if false evidence is presented by the prosecution at trial a new trial is warranted only if the false testimony

could have, in any reasonable likelihood, affected the Jurys determination (see id. at 154 (92 S.Ct. at 765). To obtain a new Trial upon allegations that govts case included false testimony and that prosecution knew or should have known of the falsity, moving party must "show that (1.) statements were false, (2.) That statements were material i.e. highly significant factor reasonable/ like to have affected judgment of the jury, and 3.) that the prosecution knew they were false. (U.S. v. Chagra 735 F.2d 870) (1.) Tevin Dorseys statement & testimony was false & perjured - Mr. Dorsey stated and testified that Mr. Ford robbed Mrs. Cortes. Kayla Cortes described her perpatrators physical description and Mr. Ford does not fit that description but Mr. Dorseys, Kayla Cortes's descriptions of her perpatrator corroborated with six (6) witnesses testimony including Mrs. Kayla Cortes's testimony rebutes/contradicts Mr. Dorseys Testimony and would be "clear and convincing evidence" that would lead a trier of fact to believe that Mr. Dorsey was the actual perpatrator who robbed Mrs. Cortes and that his testimony and statement was false and perjured accusing Mr. Ford of allegedly robbing Kayla Cortes. Broussard v. State 827 S.W.2d 619 (clear and convincing evidence is that measure or degree of proof which will produce in mind of trier of fact from belief or conviction as to the truth of allegations sought to be established.); U.S. v. Halperin 441 F.2d 612 (A witness may be contradicted on a material point by the testimony of other witnesses showing a contrary state of facts in order to show that his statements were false and thus impeach his credibility. It is proper to admit evidence of any acts or circumstances which are inconsistent with relevant testimony of witnesses and which in any respect tends to contradict the witness as to a material fact.) Kayla Cortes described her perpatrator as being "Heavyset" and fleeing the scene (as a "passenger" in a sedan to the media. (See attachments Exhibit 1) Also she described her perpatrator as "not skinny" when questioned by Detectives/police in her initial recorded interview the morning of the robbery, August 10, 2012.

(See DVD with Audio Recorded Interviews, contact Melissa Wilgus at (903) 590-1720 or Contact Private Investigator Ben Bryan at (903) 570-4476). Craig Shine, Shaquana Humber, Kenneth Gardener and Damon Swan all testified to the physical descriptions of one or both suspects charged in this case. A one Tevin Dorsey and David Ford. Craig Shine testified that he would not describe Mr. Ford as heavyset or stocky (see Tr. Trans. vol 8 pg. 29 line 8-13) Shaquana Humber testified and told Kenneth Gardener that Tevin was short and stocky. (See Tr. Trans. vol. 8 · pg 128 line 7-23) Kenneth Gardener testified Tevin is shorter and heavier than Mr. Ford (see Tr. Trans, vol. 8 · pg. 153 line 20-24) And Damon Swan testified that out of Mr. Ford and Mr. Dorsey, that Mr. Dorsey is the heaviest of the two. Melissa Slinker testified to the descriptions of the Two individuals in her apt. complex which happened to be in the same sedan that evidence from robbery was found in. She described one guy as slender and the other guy as heavyset. (Tr. Trans. vol 7 pg 44 line 18-25 to pg 45 line 14 vol. 7) Melissa also testified that the driver was slender and tallest of two and that the passenger was heavy. (Tr. Trans. vol. 7 pg. 55 line 12-23) Melissa Slinker testified a tall slender guy got out of car and that the person who stayed in car was larger than the person who got out car. (Tr. Trans. vol. 7 pg. 50 line 17-25 to pg. 51 line 1-11). Slinker Also testified that the heavier/larger guy in car had a skullcap or some thing wrapped around his head. (Tr. Trans vol. 7 pg 51 line 12-21) Slinker Also testified that the guy walking outside of the car was a thin man and he had nothing on his head. (Tr. Trans. vol. 7 pg. 52 line 3-8) Kayla Cortes testified that their was two guys in car, one Driving & other in passenger seat. (Tr. Trans. vol. 7 pg. 74 line 3-8) said she couldn't describe driver (Tr. Trans. vol. 7 pg. 101 line 5-9) Also testified her perpatrator was size of her husband, stated he was not a reall tall guy but was heavyset and stocky (Tr. Trans vol. 7 pg. 106 1-25 to pg 107 1-12.) Least but not least Tevin Dorsey Testified to his physical

description and apparael that he was wearing the morning of the robbery which matches the physical description of the perpatrator that Mrs. Cortes said robbed her, and Mr. Dorsey matches the description of the apparael Ms. Slinter gave of one of two individuals at her apt. complex morning of robbery, Mr. Dorsey testifies that that he is heavier than Mr. Ford and would describe himself as heavyset. (Tr. Trans. vol.10 pg.116 lines 17-24). Mr. Dorsey also testifies that he had on a du-rag, also known as a skullcap to be worn on your head the morning of the robbery. (Tr. Trans. vol.10 pg.96 line 1-25 to pg.97 line 1-4.) Also Mr. Dorsey testified that he slid over from the passengers seat into the Drivers seat and he accused Mr. Ford of getting out the Drivers seat and went to robb Mrs. Cortes (Tr. Trans. vol.10 pg.114 line 12-25). This allegation was rebuted by Mrs. Cortess physical description of her perpatrator which Mr. Ford does not fit and Mr. Ford does and by the side of the sedan Mrs. Cortes said her perpatrator was in. Based on all the evidence, It is clear and convincing that Mr. Dorseys statement accusing Mr. Ford of robbing Karla Cortes was false, Mr. Dorsey perjured himself on stand and that Mr. Dorsey is the actual perpatrator who robbed Mrs. Cortes. (Defendant testifying under oath commits perjury if he gives false testimony concerning a material matter with willful intent to provide false testimony.) U.S. v. Como 53 F.3d 87 (Broussard v. state 827 S.w.2d 619) 2.) Mr. Dorseys statement was material - Mr. Dorseys statement was material because probability exists that, in absence of his false testimony and statement the Judgment of Jury could have been different, therefore probability exists affecting the outcome of Mr. Fords Trial. B.) Prosecution knew or should've known Mr. Dorseys statement and testimony was false - Prosecution knew or should have known Mr. Dorseys statement was false because Prosecutors had knowledge and access to information in the clerks record. which there is a copy of Exhibit 1. (See attachments) which is Mrs. Cortess statement to press, describing her perpatrator as heavyset. Prosecutors also knew or should've known Mr. Dorseys

Statement and testimony was false because Mr. Cortes stated to Police (Detect. in her initial recorded interview that her attacker was 'not skinny' when questioned. (see DVD. contact Melissa Wilgus at (903) 590-1720 or Ben Bryan at 903 570-4476.) Williams v. Griswald 743. F2D 1533 (court of appeals states, It is of no consequence that the facts pointed to may support only knowledge of the police because such knowledge will be imputed to state prosecutors.) In conclusion. Mrs. Cortes's descriptions as to what her perpatrator did & did not look like werghed with the physical descriptions of the Two suspects arrested and charged in the Agg. Robbery of Mrs. Cortes shows that Mr. Ford does not fit the description of Mrs. Cortes's perpatrator and Mr. Dorsey does fit the description. Therefore Evidence proves that Mr. Dorseys statement and testimony accusing Mr. Ford of robbing Karla Cortes is false and perjured.

Grounds For Review Number Four (4): Denied access to courts
- Correctional officials/prison officials violated Mr. Fords Due process right of access to courts (law library) to pursue a legal claim. A prisoner contending that his right of access to the courts was violated because of inadequate access to a law library must establish Two elements. 1) The access was so limited as to be unreasonable and 2.) The inadequate access caused him actual injury. Baylock v. Painter 901 F.supp. 233, 236 (citing Vandelft v. moses, 31 F.3d. 794. 797; see also Marange v. Fontenot 879 F.supp. 679, 684; Pembroke v. wood county, Texas, 981 F2D, 225, 508 U.S. 973, 125 L.Ed.2d. 665 1.) Access was so limited as to be unreasonable The denial of a.t.c. by prison officials was to an extreme of depriving the defendant of any access to an adequate law library and its services. While in the smith county Jail reviewing his trial transcripts in order to prepare and file his pro se brief. Mr. Ford was denied access to the

law library from July 1, 2014 to September 2, 2014, The deadline for Mr. Ford to file his pro se brief. Therefore his appeal was Judged by the 12 Court of appeals without Mr. Fords pro se brief. 2) **Inadequate access causes him actual injury** - Due to this deprivation of law library services, an actual injury was caused to Mr. Ford. He was unable to file his pro se brief and in addition the presentation of the defendants meritous grounds apart from those set forth by his attorney. Furthermore such deprivation has resulted in ~~the~~ Mr. Fords ability to only argue these points presented by his attorney and resulting in having to file a P.O.R. on these grounds. 1). Effectiveness of counsel 2.) sufficiency of evidence 3.) errors in voir Dire, 4) competency to stand trial and 5) Errors in punishment.

For notice: Mr. Ford has been actively pursing his appeal and case. Mr. Ford files all motions and motions for extensions of time that he has knowledge of and trying to meet the deadlines while studying the law as fast and efficient as he can. Mr. Ford wrote the 12th court of Appeals letters and also in his motions filed for extensions of time to prepare & file his pro se brief, explaining to the 12th that he was being denied access to courts. (The law library) Mr. Ford Also wrote a letter to Judge Christi Kennedy informing her of Mr. Fords rights and needs with hopes that she could assist, provide and or instruct the county Jail to make available to Mr. Ford access to an adequate library to use its services for Mr. Fords legal matters. Mr. Ford never received an response. (See Attachments Exhibits 2 "Letter to Judge Christi Kennedy.")

Prayer For Relief

Mr. Ford prays the court of Criminal Appeals Grant his P.O.R and allow Mr. Ford to prepare & file a brief and or reset Appellate Time limits.

## Certificate of Service

I, DAVID FORD, do hereby certify that a true and correct copy of the above and foregoing Defendants motion for P.D.R. has been forwarded by U.S. mail postage prepaid, first class to the Court of Criminal Appeals at P.O. Box 12308, Capital Station Austin, Texas 78711, to the prosecutor on Appeal, Mr. Michael J. West at 4th Floor, Courthouse 100 N. Broadway Tyler, TX 75702 and to the state prosecuting Attorney at P.O. Box 12405, Austin, TX 78711 on June 8, 2015.

_____
Defendant Pro Se
DAVID FORD    #1888141
Printed NAME
Roach Unit  15845 FM
Childress, TX 79201

Court of Appeals
Twelfth Court of Appeals District of Texas
Judgement
February 27, 215
No. 12-13-00308-CR
DAVID EUGENE FORD
Appellant
V.
The state of Texas,
Appellee

Appeal from the 114th District Court of Smith County, Texas
(Trict. No. 114-1281-12)

This cause came to be heard on the appeallate record and brief filed herein, and the same being considered, it is the opinion of the court that there was no error in the Judgment.

It is therefore ordered, adjudged and decreed that the judgement of the court below be in all things affirmed, and that the decision be certified to the court below for observance.

By per curiam opinion.

Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.



*Photo: Tevin Montravian Dorsey/Smith County Jail Records*

**Information from Tyler Police**

---

**Original Story:** Early Friday morning, at about 5:05 am, Tyler Police were called to the Shiloh Pines Mobile Home Park in Tyler in reference to the reported robbery of an individual.

Officers contacted the victim, who said that moments after arriving home she was confronted in her driveway by a younger black male wearing a grey shirt and black jeans. The victim said the suspect immediately pointed a gun at her and demanded money. He then took the victim's purse and fled the scene as a passenger in a light blue sedan.

The victim was not injured during the incident and described the suspect as heavy set and in his early 20s, with a blue bandana covering his facing.

Anyone with information about the suspects involved in this crime are urged to contact the Tyler Police Department, at 903-531-1000, or Crimestoppers, at 903-597-CUFF (903-597-2833).

Crimestoppers will pay up to $1,000 for information that leads to the arrest and charges filed against the suspects in this case, or any, felony case.

Exhibit 2                                                        August 20 2014

Dear Judge Christi Kennedy,

How are you today. I hope everything is lovely. My name is DAVID Eugene FORD. I have been bench warranted back from TDCJ because I am on Appeal. I filed a motion in the writ room on the prison unit. The motion I filed was a motion for extension of time to File my pro se brief. I filed it to the 12th Court of Appeals. In that motion it says that the District Court send me my Trial Transcript so that I may view it and use the writ room on the TDCJ Unit so that I may prepare my pro se brief. Or that I be bench warranted back to the county so that I may review it and have access to a law library to assist me in filing my pro se brief. Therefore, I have been benchwarranted back to the county. The only problem is that I have not had access to a law library, or any legal material to assist me in filing my pro se brief. In the motion for extension of time. It says that if im bench warranted back to the county that I have access to a law library and be able to review my Trial Transcript. That motion is a legal document with instructions made for a reason. So what I am informing you is that I have not had access to any legal material period. The smith county Jail is supposed to provide me with access to the legal material neccessary to assist me with my appeal. And it is the courts duty to see that I have access to law. Since I have been back from TDCJ on this bench warrant. inmates have told me that the county has no law library. Well I know that is not entirely true because in the year of 2013. I put in requests to use law library and Jail officials took us to the visitation room and unlocked a small cabinet. In that cabinet were outdated books to the year 2005, 2008 and 2010 what was supposed to be a law library to assist inmates with our legal matters was inadequate for its purpose. Now since I have been back on bench warrant This year I have filed request forms 3 X a week asking to use the law library with hopes that the legal material has been updated to par. So

# NO. 12-13-00308-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DAVID EUGENE FORD,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
## *PER CURIAM*

David Eugene Ford appeals his conviction for aggravated robbery with a deadly weapon. A jury found him guilty and assessed punishment at thirty years of imprisonment. Appellant's counsel filed a motion to withdraw and a brief in support of that motion in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*, stating that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error upon which an appeal can be predicated. He further relates that he is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), Appellant's brief presents a chronological summation of the procedural history of the case, and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[1] We have considered counsel's brief and conducted our own

---

[1] Counsel for Appellant has certified that he provided Appellant with a copy of this brief. Appellant was given time to file his own brief in this cause. The time for filing such a brief has expired, and we have not received a pro se brief.

independent review of the record. We have found no reversible error. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

## CONCLUSION

As required, Appellant's counsel has moved for leave to withdraw. *See In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We carried the motion for consideration with the merits. Having done so and finding no reversible error, Appellant's counsel's motion to withdraw is hereby *granted*, and the trial court's judgment is *affirmed*. *See In re Schulman*, 252 S.W.3d at 408-09.

Counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of this opinion or the date the last timely filed motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk for the Texas Court of Criminal Appeals along with the rest of the filings in the case. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; *In re Schulman*, 252 S.W.3d at 408 n.22.

Opinion delivered February 27, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

FEBRUARY 27, 2015

NO. 12-13-00308-CR

**DAVID EUGENE FORD,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-1281-12)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of the court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that the decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

DAVID FORD #1888814
Roach Unit
15845 FM 164
Childress, TX 79201

Legal

Court of Criminal Appeals
P.O. Box 12308 Capitol Station
Austin, Texas 78711